IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOSHUA JARRELL JACKSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | CASE NO. 2:20-cv-181-WKW-JTA |
| v. ) | |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Federal prisoner Joshua Jarrell Jackson is before the Court on his *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. No. 1.[1] For the reasons that follow, the Court recommends that Jackson's § 2255 motion be denied without an evidentiary hearing and that this case be dismissed with prejudice.

I. **BACKGROUND**

On April 25, 2016, Jackson pled guilty to conspiring to distribute and possess with intent to distribute more than 5 kilograms of cocaine hydrochloride, in violation of 21

---

[1] References to document numbers in this § 2255 action are designated as "Doc. No." References to document numbers in Jackson's underlying criminal case, Case No. 2:15-cr-335-RDP, are designated as "Crim. Doc. No." All pinpoint citations are to the pages of the electronically filed documents in the Court's CM/ECF filing system, which may not correspond to pagination on the hard copies of the documents presented for filing.

U.S.C. §§ 841(b)(1)(A), 846. After a sentencing hearing on January 15, 2017, the district court sentenced Jackson to 240 months in prison.[2]

Jackson filed a direct appeal, challenging the district court's use of his prior Alabama youthful offender adjudication for unlawful distribution of cocaine to increase his statutory minimum sentence under 21 U.S.C. § 841(b)(1)(A).[3] On May 17, 2018, the Eleventh Circuit affirmed Jackson's conviction and sentence. *United States v. Jackson*, 722 F. App'x 975 (11th Cir. 2018). Jackson filed a petition for writ of certiorari with the U.S. Supreme Court, which denied the petition on March 25, 2019.  139 S. Ct. 1373.

On March 11, 2020, Jackson filed this § 2255 motion asserting claims that his trial and appellate counsel rendered ineffective assistance by failing to challenge the district court's use of his Alabama youthful offender adjudication to enhance his sentence under § 841(b)(1)(A). Doc. No. 1 at 4–5.

## II.   DISCUSSION

**A.     Legal Standard for § 2255 Motions**

The grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited. A prisoner may have relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3)

---

[2] Jackson also pled guilty in the same proceeding to tampering with a witness, in violation of 18 U.S.C. §§ 2, 1512(b)(3), for which he was sentenced to a concurrent term of 240 months in prison. He raises no issues regarding that conviction in his § 2255 motion.

[3] At the time of Jackson's offense, 21 U.S.C. § 841(b)(1)(A) provided for enhancement of a defendant's sentence to a mandatory term of not less than 20 years' imprisonment if the defendant committed a violation of 21 U.S.C § 841(a) involving 5 kilograms or more of cocaine after a prior conviction for a felony drug offense. *See* 21 U.S.C. § 841(b)(1)(A)(ii).

exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See McKay v. United States*, 657 F.3d 1190, 1194, n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The burden of establishing entitlement to § 2255 relief is on the petitioner. *See Beeman v. United States*, 871 F.3d 1215, 1221–22 (11th Cir. 2017).

B.      ***Strickland* Test for Ineffective Assistance of Counsel**

A claim of ineffective assistance of counsel is evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 689. Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. Scrutiny of counsel's performance is highly deferential, and courts will indulge a strong presumption that counsel's performance was professionally reasonable. *See Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000). Unless a petitioner satisfies the showings required on both prongs of the *Strickland* test, relief should be denied. *Strickland*, 466 U.S. at 687. Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697.

## C.     Jackson's Claims

Jackson argues that his trial and appellate counsel rendered ineffective assistance of counsel by failing to challenge the district court's use of his prior Alabama youthful offender adjudication to enhance his sentence under 21 U.S.C. § 841(b)(1)(A). Doc. No. 1 at 4–5. Jackson's argument fails because his counsel in the district court proceedings and on direct appeal argued strenuously against use of Jackson's Alabama youthful offender adjudication for cocaine distribution to enhance his sentence under § 841(b)(1)(A).

Before sentencing, Jackson's counsel filed a sentencing memorandum arguing that Jackson's youthful offender adjudication for cocaine distribution was not a prior drug felony conviction for purposes of § 841(b)(1)(A). Crim. Doc. No. 641. One objection to the presentence investigation report ("PSR") raised by Jackson's counsel was that the youthful offender adjudication did not qualify as a prior drug felony conviction for purposes of § 841(b)(1)(A). Crim. Doc. No. 746 at 43. A considerable portion of Jackson's sentencing hearing involved argument by Jackson's counsel that the youthful offender adjudication should not be used to enhance Jackson's sentence under § 841(b)(1)(A). Crim. Doc. No. 760 at 4–33. After considering the arguments, the district overruled the objections of Jackson's counsel and ruled that Jackson's youthful offender adjudication qualified as a prior drug felony conviction for purposes of § 841(b)(1)(A).

On appeal, Jackson's counsel pursued the argument that Jackson's Alabama youthful offender adjudication for cocaine distribution could not be used to enhance his sentence under § 841(b)(1)(A). This was the sole issue argued in a 49-page brief filed by Jackson's appellate counsel. Doc. No. 4. The Eleventh Circuit, however, rejected the

4

argument of Jackson's counsel, explaining that Jackson's claim was foreclosed by the Circuit's precedents. Doc. No. 3-1. The Eleventh Circuit held:

> Jackson's argument is foreclosed by our precedents. We held in *United States v. Elliot*, 732 F.3d 1307 (11th Cir. 2013), that "a youthful offender who pled guilty and was adjudicated must also be considered to have sustained a conviction for purposes of the Guidelines career offender enhancement, even if state law does not consider him 'convicted.'" *Id.* at 1313. And a state adjudication that "is considered a 'conviction' for purposes of career offender status . . . [is] also . . . considered a 'conviction' for purposes of enhancement under 21 U.S.C. § 841." *United States v. Fernandez*, 58 F.3d 593, 599 (11th Cir. 1995). Our prior precedent rule requires that we follow binding circuit precedent unless and until it is overruled by this Court en banc or by the Supreme Court. *United States v. Cruickshank*, 837 F.3d 1182, 1187 (11th Cir. 2016).

*United States v. Jackson*, 722 F. App'x 975 (11th Cir. 2018), cert. denied, 139 S. Ct. 1373 (2019).

Thus, Jackson's claim that his trial and appellate counsel failed to challenge the use of his Alabama youthful offender adjudication to enhance his sentence under § 841(b)(1)(A) is factually baseless. Jackson's counsel in both the district court proceedings and on appeal argued against use of the youthful offender adjudication to apply the § 841(b)(1)(A) enhancement. Consequently, Jackson is entitled to no relief on his claims of ineffective assistance of counsel.

Jackson's claims, as he presents them in his § 2255 motion, are somewhat vague. To the extent he appears to argue the merits of the district court's use of his youthful offender adjudication to apply the § 841(b)(1)(A) enhancement, his claims are procedurally barred from § 2255 review. "The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal." *United States v. Nyhuis*, 211 F.3d 1340,

5

1343 (11th Cir. 2000); *see also United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981). If a claim has been raised on direct appeal and decided adversely to a defendant, it cannot be relitigated in a collateral attack under § 2255. *Nyhuis*, 211 F.3d at 1343. Jackson cannot relitigate his claims regarding the district court's use of his youthful offender adjudication to apply the § 841(b)(1)(A) enhancement. Because such claims were raised and decided against him by the Eleventh Circuit on direct appeal, Jackson cannot relitigate their merits in his § 2255 motion.

To the extent Jackson appears to challenge the propriety of his Alabama youthful offender adjudication for cocaine distribution—on grounds that his guilty plea in that adjudication was not knowing and voluntary and was entered without his understanding of its possible future collateral consequences—such a challenge would not be cognizable in his § 2255 motion, and any attempt by him to set aside that adjudication would be a matter for the Alabama courts.[4]

### III.  CONCLUSION

The undersigned Magistrate Judge RECOMMENDS that Jackson's § 2255 motion be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

---

[4] To the extent Jackson may suggest that, when pleading guilty in his federal case, he did not realize his Alabama youthful offender adjudication could be used to enhance his sentence under § 841(b)(1)(A), such a suggestion is refuted by the record, which reflects that the possible use of the youthful offender adjudication to apply the § 841(b)(1)(A) enhancement was contemplated in Jackson's plea agreement and was referred to at Jackson's change of plea hearing in this Court. Crim. Doc. No. 408 at 4; Crim. Doc. No 446 at 6–7.

It is further ORDERED that the parties shall file any objections to this Recommendation by **August 22, 2022.** A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the magistrate judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the district court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the district court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 5th day of August, 2022.

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE